IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 1:26-cv-5175

MOUNTAIN DENTAL ANESTHESIA LLC,
JOHN RUSSELL YANCEY,

Plaintiffs

v.

TAUREAN SMITH, ALPINE DENTAL ANESTHESIA ASSOCIATES

Defendants.

---

**COMPLAINT**

---

The Plaintiffs, Mountain Dental Anesthesia LLC and John Russell Yancey, allege the following for their Complaint against the Defendants:

**THE PARTIES**

1. The Plaintiff Mountain Dental Anesthesia LLC ("MDA") is a Colorado limited liability company in good standing and a resident of Douglas County, Colorado.

2. MDA has its principal place of business at 8683 East Lincoln Avenue, Suite 130, Lone Tree, CO 80124.

3. John Russell Yancey is an individual and a resident and citizen of Colorado. He resides at 12548 N. 4th Street, Parker, CO 80134. He is the sole owner of MDA.

4. The Defendant Alpine Dental Anesthesia Associates ("Alpine") is a Colorado corporation. Its principal place of business is 8683 East Lincoln Avenue, Suite 130, Lone Tree, CO 80124.

5. The Defendant Dr. Taurean Smith is an individual and a resident and citizen of Colorado. He resides at 10284 Rowlock Way, Parker, CO 80134. He is the owner or an owner of Alpine.

6. At all times Dr. Smith acted both for himself and as the owner or agent of Alpine.

## JURISDICTION AND VENUE

7. The losses and damages occurred, in part, at 8683 East Lincoln Avenue, Suite 130, Lone Tree, CO 80124.

8. The Defendant Alpine lists its principal place of business as 8683 East Lincoln Avenue, Suite 130, Lone Tree, Colorado 80124.

9. The Defendant Taurean Smith resides at 10284 Rowlock Way, Parker, CO 80134 in Douglas County, Colorado.

10. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§1331, 1338, and 15 U.S.C. §1121 because it involves federal claims that arise under an Act of Congress relating to copyrights.

11. This Court has subject-matter jurisdiction over state-law claims pursuant to 28 U.S.C. §1367 as part of the same case or controversy.

12. Venue is proper pursuant to 28 U.S.C. §§1391 and 1400(a) as the district where the Defendants reside and as the district in which a substantial part of the events giving rise to the claim occurred.

## FACTUAL ALLEGATIONS

### Mountain Dental Anesthesia

13. Dr. Yancey is an Air Force veteran who founded MDA in 2019 after completing his dental anesthesia residency at New York University Langone Hospital – where he was a Chief Resident.

14. He has been a licensed dentist since 2011, and he served in the Air Force as a dentist from 2011 to 2016.

15. There are only nine dental anesthesiology programs in the U.S., and each of those requires a thirty-six-month residency. To enter those programs, a resident must already have a degree in dentistry, and the programs are very competitive.

16. When Dr. Yancey was finishing his residency at NYU, he briefly overlapped with Dr. Smith who was beginning his residency.

17. In 2019, Dr. Yancey moved to Colorado and opened MDA.

18. MDA has thrived since 2019, and Dr. Yancey has been required to hire associates and assistants to help with MDA's workload.

19. MDA has had a website dedicated to the business since 2019. In 2026, MDA created a website to coordinate with a new trade name – Sunshine Dental Anesthesia. In all substantive regards, the MDA website and the Sunshine website are the same.

20. The majority of MDA's work is in Colorado, but it also has a satellite office in Indiana.

21. MDA owns and continues to maintain a website dedicated to its Indiana practice created in, and active since, 2022. That website is https://www.indianamda.com.

22. Dr. Yancey created the MDA websites, designed the format, and wrote the text. The format, design, and text are unique.

23. The MDA site was active from 2019 forward, and the Indiana site was active from 2022 forward, and the Indiana site remains active.

24. On information and belief, the Defendants copied either the MDA site or the Indiana site.

25. The Defendants' site became active in April of 2025.

26. Dr. Yancey holds a copyright in the MDA website, the Indiana MDA website, and the Sunshine Dental Anesthesia website.

27. The registration number for the copyright is TX 9-586-260. The registration date is April 20, 2026.

28. The websites all contained some version of this notice: ©2019 by Mountain Dental Anesthesia, ©2022 by Mountain Dental Anesthesia (Indiana Website), ©2025 by Sunshine Dental Anesthesia.

29. MDA also paid to have specialized forms created for legal and regulatory compliance, efficient billing and coding, workflow optimization, and enhanced patient safety and care through precise tracking of vital signs, drug dosages, and airway management.

30. To create those forms, MDA paid programmers and coders to create customized forms for the anesthesia practice.

31. The specialized anesthesia forms are not blank forms. They are customized forms that MDA paid to have created.

32. MDA took precautions to keep the specialized forms secret, by not sharing them with anyone other than MDA employees and contractors, not making them publicly available, keeping their source code confidential.

33. The Independent Contractor agreement between MDA and Dr. Smith states that “computer records and programs” are the property of MDA.

34. Others in the dental anesthesiology industry did not know the source code for the specialized forms because MDA specifically commissioned the forms and did not share the code with anyone.

35. MDA limited the use of the specialized forms to those who needed to use them.

36. MDA did not share the source code with anyone.

37. The specialized forms add considerable efficiencies to recording vital information regarding patients, and that efficiency has significant economic value.

38. Dentists have informed MDA that Dr. Smith and Alpine are using the specialized forms.

39. MDA has been in business since 2019, and its websites have been a continuous portal for its clients and the public. The MDA websites have been active since 2019.

40. The public and MDA’s clients recognize Mountain Dental Anesthesia as the name associated with Dr. Yancey and his anesthesia practice.

41. MDA is well known in the industry, and Dr. Yancey is recognized as a leader in the industry in Colorado.

42. Mountain Dental Anesthesia is a source identifier pursuant to the Lanham Act.

43. MDA has used its websites to recruit client offices and patients, for first impression and brand control, 24/7 accessibility, building credibility and trust, and collecting required paperwork.

44. The public and MDA’s clients frequently visit the websites.

45. MDA’s websites have been in continuous use for years.

46. MDA’s websites are involved in commerce within the United States.

47. MDA’s websites have assisted in creating goodwill for MDA and Dr. Yancey.

**Dr. Smith’s Relationship With MDA**

48. In early 2021, Dr. Yancey began to explore hiring another anesthesiologist. He and Dr. Smith, who was completing his residency at NYU, discussed Dr. Smith's moving to Colorado to begin his career. They also discussed Dr. Smith's becoming a partner in the practice.

49. Dr. Smith moved to Colorado in 2021 and worked for MDA under an independent contractor agreement.

50. In 2024 and 2025, they discussed what the terms of a partnership would be, but they never memorialized an agreement.

51. At all times, Dr. Yancey was the owner of MDA, and all tax returns reflect that ownership.

**Dispute Between Dr. Smith and MDA**

52. In the midst of considering whether to enter into a partnership with Dr. Smith, Dr. Yancey received a series of significant complaints about Dr. Smith from MDA's clients.

53. Between December of 2024 and March of 2025, Dr. Yancey received at least a dozen complaints from dentists and staff regarding Dr. Smith.

54. On April 4, 2025, Dr. Yancey informed Dr. Smith that MDA would not be continuing their relationship. He decided to terminate the independent contractor agreement because of the wide array of serious complaints that he had received.

55. Dr. Smith threatened litigation against Dr. Yancey and MDA.

56. On June 19, 2025, the Parties mediated Dr. Smith's dispute before Judge Caschette at JAG.

57. They resolved the dispute and entered into a Settlement Agreement.

**Post-Settlement Actions**

58. After mediation, Dr. Yancey created a website to correspond with a new Colorado trade name for MDA – Sunshine Dental Anesthesia. The website is https://www.sunshineda.com.

59. MDA continues to exist, owns the Sunshine Dental Anesthesia trade name, owns the Sunshine Dental Anesthesia website, owns the MDA website, and owns the MDA Indiana website. Dr. Yancey owns the copyright in the websites and has authorized MDA to use, maintain, modify, publish, and operate the websites in connection with MDA's business.

60. MDA continues to serve its Indiana practice and maintain the Indiana MDA website.

61. Dr. Smith now practices under his business, Alpine Dental Anesthesia Associates.

62. Dr. Smith created, or had created, a website for Alpine. The website is https://www.alpinedentalanesthesia.com.

63. Through his work for MDA and his association with it, Dr. Smith had access to MDA's websites.

64. Alpine's website copied the format and content of MDA's websites almost verbatim, including the unique page structure and headings.

65. The Defendants copied substantial portions of the original expressive content of MDA's websites, including original text, page organization, headings, patient education materials, and creative selection and arrangement of content.

66. The MDA website was first published in 2019 and displayed the notice "©2019 by Mountain Dental Anesthesia." The registration identified above also covers the Indiana MDA website and the Sunshine Dental Anesthesia website.

67. The Indiana website was first published in 2022 and displayed the notice "©2022 by Mountain Dental Anesthesia."

68. Defendants published the Alpine website no later than 2025, while the MDA and Indiana websites were live. The Alpine website copied the original expressive content of the MDA Websites.

69. The copying was so extensive that the Defendants failed to remove references to Dr. Yancey and to Mountain Dental Anesthesia, leaving text identifying "Dr. Russell Smith" on Alpine's website.

70. The Defendants included "© 2026 by Alpine Dental Anesthesia Associates" on their website.

71. As of March 24, 2026, there were several pages on the Alpine website that explicitly name Dr. Yancey or Mountain Dental Anesthesia, including contact information – and Dr. Smith was served with a notice to discontinue his infringement and use of the specialized forms.

72. As of July 22, 2026, there remained references to Dr. Yancey on the Alpine website – despite a March 24, 2026, demand letter that they delete the offending website.

73. Dr. Yancey has never authorized Alpine or Dr. Smith to use his name to advertise or promote Alpine's dental anesthesia services.

74. The Defendants continued to use Dr. Yancey's name after receiving the demand letter – again without authorization.

75. By using nearly identical language, structure, and design in the Alpine website, the Defendants diverted traffic from the MDA websites to Alpine.

76. By identifying Dr. Yancey on the Alpine website, the Defendants confused the public and MDA's clients into believing that MDA and Dr. Yancey were affiliated with Alpine.

77. Dr. Smith knowingly appropriated MDA assets for his own competing business.

78. Alpine and Dr. Smith took the specialized anesthesia forms without authorization from MDA.

**COUNT ONE – COPYRIGHT INFRINGEMENT PURSUANT TO 17 U.S.C. §§ 106 AND 501**
**(Dr. Yancey Against All Defendants)**

79. The Plaintiffs incorporate all previous paragraphs as if set forth.

80. Dr. Yancey is the registered copyright owner of the MDA website, the Indiana MDA website, and the Sunshine Dental Anesthesia website.

81. Dr. Yancey created the websites and owns the copyrights in the original expressive content, including the original text, page organization, headings, and creative selection and arrangement of content.

82. Dr. Yancey authorized MDA to use, maintain, modify, publish, and operate the copyrighted websites in connection with MDA's business.

83. Dr. Yancey owned the copyrights before initiating this action.

84. Defendants infringed Dr. Yancey's copyrights by copying and using original constituent elements of the copyrighted websites, including the unique page structure and headings, without authorization.

85. Dr. Yancey has been damaged by that infringement.

86. Dr. Yancey is entitled to actual damages, profits, and statutory damages. The Defendants' actions have been willful.

**COUNT TWO – DMCA 17 U.S.C. § 1202(a) AND (b)**
**(Dr. Yancey Against All Defendants)**

87. The Plaintiffs incorporate all previous paragraphs as if set forth.

88. Dr. Yancey is the registered copyright owner of the MDA website, the Indiana MDA website, and the Sunshine Dental Anesthesia website.

89. Dr. Yancey created the websites and owns the copyrights in the original expressive content, including the original text, page organization, headings, and creative selection and arrangement of content.

90. Dr. Yancey authorized MDA to use, maintain, modify, publish, and operate the copyrighted websites in connection with MDA's business.

91. The websites all contained some version of a copyright notice: "©2019 by Mountain Dental Anesthesia," "©2022 by Mountain Dental Anesthesia," or "©2025 by Sunshine Dental Anesthesia."

92. Before Defendants copied them, the MDA Websites displayed "©2019 by Mountain Dental Anesthesia," "©2022 by Mountain Dental Anesthesia," or "©2025 by Sunshine Dental Anesthesia" on each page, and the Alpine website omits that notice and displays "© 2026 by Alpine Dental Anesthesia Associates" instead.

93. Those websites contained copyright management information ("CMI").

94. The Defendants intentionally removed or altered the CMI.

95. The Defendants removed CMI when they failed to display "©2019 by Mountain Dental Anesthesia, ©2022 by Mountain Dental Anesthesia, or ©2025 by Sunshine Dental Anesthesia."

96. The Defendants distributed the Alpine website knowing that CMI had been removed or altered, and they knew or had reasonable grounds to know that doing so would facilitate infringement.

97. The Defendants distributed the Alpine website knowing that their designation of © 2026 by Alpine Dental Anesthesia Associates was false, and they knew that doing so would facilitate infringement.

98. Dr. Yancey has been damaged by these violations and is entitled to actual and statutory damages.

**COUNT THREE – FALSE DESIGNATION UNDER THE LANHAM ACT 15 U.S.C. § 1125(a)(1)(A) (MDA Against All Defendants)**

99. The Plaintiffs incorporate all previous paragraphs as if set forth.

100. MDA owns common-law rights in the trade name and service mark Mountain Dental Anesthesia.

101. MDA has continuously used Mountain Dental Anesthesia in connection with its dental anesthesia services from 2019.

102. Through MDA's continuous use of Mountain Dental Anesthesia, the name has become associated by MDA's clients and the relevant purchasing public with MDA and its dental anesthesia services.

103. Mountain Dental Anesthesia is a source identifier for MDA and its dental anesthesia services.

104. The Defendants, in connection with their anesthesia practice, used the term Mountain Dental Anesthesia.

105. The Defendants continue to display MDA's name on their website in connection with their dental anesthesia services. That use creates a likelihood of confusion as to MDA's affiliation, connection, or association with Defendants.

106. MDA has been damaged by the false association.

107. MDA is entitled to the Defendants' profits, actual damages, costs, and, where appropriate, an enhanced award up to three times actual damages, plus attorneys' fees.

**COUNT FOUR – FALSE ASSOCIATION UNDER THE LANHAM ACT 15 U.S.C. § 1125(a)(1)(A) (Dr. Yancey Against All Defendants)**

108. The Plaintiffs incorporate all previous paragraphs as if set forth.

109. Dr. Yancey's name identifies him as a dental anesthesiologist and is associated with his professional services.

110. Defendants have used Dr. Yancey's name, including variations of his name on their site as late as July of 2026.

111. Defendants' use of Dr. Yancey's name is likely to cause confusion, mistake, or deception concerning Dr. Yancey's affiliation, connection, or association with Alpine and

concerning Dr. Yancey's sponsorship, endorsement, or approval of Alpine and its dental anesthesia services.

112. Dr. Yancey is not affiliated with Alpine and does not sponsor, endorse, approve, or provide his name for use in connection with Alpine's dental anesthesia services. He is a competitor of Alpine.

113. Dr. Yancey has not authorized Defendants to use his name in connection with Alpine's dental anesthesia services.

114. Defendants' use of Dr. Yancey's name in connection with Alpine's website and services constitutes a false designation or false representation within the meaning of 15 U.S.C. § 1125(a)(1)(A).

115. Defendants' conduct has damaged and is likely to continue damaging Dr. Yancey, including by creating confusion concerning his affiliation with, connection to, or association with Alpine and its services.

116. Dr. Yancey is entitled to the relief available under 15 U.S.C. §§ 1116 and 1117 and other applicable law.

**COUNT FIVE – CIVIL THEFT PURSUANT TO C.R.S. §§ 18-4-401 AND 18-4-405**
**(MDA Against All Defendants)**

117. The Plaintiffs incorporate all previous paragraphs as if set forth.

118. MDA owned and possessed the following things of value ("MDA Property"): (a) the specialized anesthesia forms that MDA commissioned and paid for; (b) the electronic files, source files, and content that make up the MDA website; and (c) the domain names, hosting accounts, and other accounts MDA held.

119. Dr. Smith obtained access to the MDA Property only because of his work for MDA as an independent contractor. MDA authorized him to use the MDA Property only for MDA's business and only while working for MDA.

120. When Dr. Smith's relationship with MDA ended, he did not have authorization to keep, copy, or use the MDA Property.

121. The Defendants knowingly retained and exercised control over the MDA Property without authorization, including by taking and keeping copies of the specialized forms, loading them onto Alpine's systems, and publishing the copied site files under Alpine's name.

122. On March 24, 2026, MDA demanded that the Defendants cease using the MDA Property and delete the copies. As of this date, the Defendants have not done so.

123. The Defendants acted with the specific intent to deprive MDA permanently of the use and benefit of the MDA Property.

124. The Defendants knowingly used the MDA Property in a manner that deprives MDA permanently of its use and benefit.

125. The Defendants included a © on the offending website which illustrates that they intend to permanently deprive MDA of its property.

126. Alpine markets to the same patients and referral sources using MDA's materials, so MDA cannot exclusively use them.

127. The Defendants' conduct constitutes theft under C.R.S. § 18-4-401.

128. Under C.R.S. § 18-4-405, MDA is entitled to three times its actual damages, plus costs and reasonable attorneys' fees.

**COUNT SIX – VIOLATION OF THE COLORADO UNIFORM TRADE SECRETS ACT PURSUANT TO C.R.S. §§ 7-74-101 et seq.**
**(MDA Against All Defendants)**

129. The Plaintiffs incorporate all previous paragraphs as if set forth.

130. MDA possessed confidential information consisting of the specialized forms ("Trade Secrets").

131. The MDA Trade Secrets are secret and of value. They are not generally known or readily ascertainable by others in the dental anesthesia field, and they give MDA a competitive advantage in efficiency and patient-safety documentation.

132. MDA paid programmers and coders to develop the MDA Trade Secrets, and a competitor would need comparable time and expense to duplicate them.

133. MDA took measures to prevent the MDA Trade Secrets from becoming available to people it did not choose, including limiting the templates to MDA personnel and not distributing the editable files to patients or referring offices.

134. The Defendants acquired the MDA Trade Secrets only through Dr. Smith's work for MDA as an independent contractor. He acquired them under circumstances giving rise to a duty to keep them secret and to use them only for MDA's business.

135. Dr. Smith acknowledged that MDA owned the computer programs in the Independent Contractor Agreement.

136. Defendants used the MDA Trade Secrets for Alpine's competing practice without MDA's consent, including by loading the form templates onto Alpine's systems and using them with Alpine's patients and referral sources.

137. When Defendants used the MDA Trade Secrets, they knew or had reason to know that they had acquired them under a duty to maintain their secrecy and limit their use and that the MDA Trade Secrets belonged to MDA.

138. Defendants' conduct constitutes misappropriation under C.R.S. § 7-74-102(2).

139. MDA has suffered actual loss, and Defendants have been unjustly enriched. MDA is entitled to damages under C.R.S. § 7-74-104, injunctive relief under C.R.S. § 7-74-103, and, because the misappropriation was willful and malicious, exemplary damages and attorney fees under C.R.S. §§ 7-74-104 and 7-74-105.

**REQUEST FOR INJUNCTIVE RELIEF PURSUANT TO 17 U.S.C. § 502 AND 15 U.S.C. § 1116**
**(Against All Defendants)**

140. The Plaintiffs request that the Court enjoin the Defendants' infringement of the MDA websites.

141. The Plaintiffs request that the Court order the Defendants to delete their offending website and destroy all copies of it.

142. § 15 U.S.C. 1116 creates a rebuttable presumption of irreparable harm.

143. Because of the ongoing damage to the Plaintiffs' reputation, there is no adequate remedy at law for injunctive relief.

144. Dr. Yancey's claims are highly likely to be successful because he owns the copyrights in the websites and Defendants have infringed those copyrights.

145. It is in the public interest that the Defendants do not continue to confuse the public and MDA's clients.

146. The balance of equities favors a copyright holder's protection of the copyright.

147. The Plaintiffs will file a motion at an appropriate time.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants, in an amount to be determined at trial, together with treble damages pursuant to the civil theft statute, attorneys' fees pursuant to statute, interest, costs, and other such relief that the law allows.

Respectfully submitted,

s/ Stephen C. Robertson Date: October 13, 2026

Stephen C. Robertson, #39595
ROBERTSON LAW FIRM PC
1616 17th Street, Suite 364
Denver, Colorado 80202
Tel: (303) 825-1015
Fax: (303) 825-3201
Stephen@Robertsonlawpc.com

Plaintiffs' Address:

8683 East Lincoln Avenue
Suite 130
Lone Tree, CO 80124